IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN KUNKO,                          )
        Petitioner,                  )
                                     )
        v.                           )      2:10-cv-115
                                     )
WESTMORELAND COUNTY                  )
DISTRICT ATTORNEY'S OFFICER,         )
et al.,                              )
        Respondents.                 )

MEMORANDUM and ORDER

Mitchell, M.J.:

John Kunko, by his attorney, has presented a petition for a writ of habeas corpus. For the reasons set forth below the petition will be transferred to the United States Court of Appeals for consideration as a successive petition

The petition in this case was filed on January 26, 2010 and upon motion of the petitioner proceedings were stayed on January 29, 2010 so that the state court remedies could be exhausted. That stay was vacated on October 24, 2011 and the respondents were directed to answer. The petition is now in a posture for disposition.

Kunco is presently serving a forty-five to ninety year sentence imposed following his conviction, by a jury of involuntary deviate sexual intercourse by threat of forcible compulsion, rape by forcible compulsion and aggravated assault causing bodily injury at No. 65-CR-482-1991 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on May 18, 1992.[1] The petitioner unsuccessfully appealed to the Pennsylvania Superior Court and on December 14, 1993 his petition for allowance of appeal was denied by the Pennsylvania Supreme Court.[2] On several occasions Petitioner unsuccessfully sought post-conviction relief and ultimately his application for allowance of appeal to the Pennsylvania Supreme Court was denied on November 16, 1999.[3]

---

[1]  See: Answer at p 9a.
[2]  Id. at p.67a.
[3]  Id. at p.73a.

Kunko filed a federal habeas corpus petition on January 7, 2000 which was docketed at 2:00-cv-54.[4] That petition was dismissed on January 3, 2002 as lacking merit[5] and that dismissal was affirmed by the Court of Appeals on December 29, 2003.[6] Certiorari was denied on April 5, 2004.[7]

The petitioner then embarked on a new quest seeking to secure and introduce DNA evidence which he alleged would prove his innocence since the basis for his conviction was premised on bite marks on the victim.[8] On October 10, 2010, the Court of Common Pleas determined that the petition and supportive testimony had not been timely filed and that the delay in filing could not be excused and dismissed the petition.[9] An appeal was filed in the Superior Court and on September 20, 2011, the latter court concluded:

> It is important to know that part of the Commonwealth's case at trial included forensic dental testimony identifying Appellant as the source of a bite mark found on the complainant. The substantive thrust of Appellant's PCRA allegations was that exculpatory evidence relating to the forensic dental testimony had been unavailable at trial and had recently become available to him… Appellant essentially alleged … that the type of forensic bite-mark evidence used to identify him as the assailant at his trial had been generally accepted by the scientific community at the time of his trial but had been rejected by that community as of … 2009 … Appellant's position was that the newly available exculpatory evidence … would have changed the outcome of his trial…
>
> The PCRA court ruled Appellant's allegations concerning the bite-mark evidence were untimely. When doing so, the court determined, *inter alia*, that, although the NAS [National Academy of Science] report was not available to Appellant until February 2009, much of the information upon which it was based was available long before the release of the report and could have been ascertained earlier by Appellant through due diligence…
>
> The PCRA court concluded that the NAS report was a new source of information but did not constitute previously unknown facts for the purposes of [being regarded as newly discovered evidence]…

---

[4]  That filing was Kunko's second federal filing in that his earlier petition filed at 2:93-cv-2159 was dismissed on April 12, 1994 for failure to exhaust the available state court remedies.
[5]  See: Answer at pp.74a-110a.
[6] Id. at pp.111a-118a.
[7]  Id. at p.119a.
[8]  It should also be observed that the victim identified her assailant through voice recognition. The victim was familiar with the petitioner's voice since he worked as a maintenance man in her apartment building and also spoke with a distinct lisp (See: Petition at pp.5-6).
[9]  See: Answer at pp.186a-188a.

On this appeal, Appellant concedes that, "years ago," he could have utilized one or more of his PCRA experts and their research to challenge the reliability of the bite-mark evidence offered against him at trial. Indeed, his own PCRA affidavits and brief tell us that, long before he filed his PCRA petition, there were legitimate scientists who disputed various techniques, assumptions and/or conclusions related to the type of bite-mark evidence employed to identify Appellant as the assailant at trial.  Similarly, Appellant does not dispute the trial court's factual findings relative to the preexisting scholarship or relative to the bases for the NAS report…

We are not persuaded the PCRA court erred by rejecting Appellant's characterization of the report as a new fact…evidence concerning the lack of reliability of bite-mark evidence was available to Appellant years prior to the time he filed his PCRA petition… accordingly, the PCRA court did not err in dismissing Appellant's PCA allegations regarding the bite-mark evidence as untimely.[10]

Thus, as a matter of state law, it was determined that this petition was untimely. This conclusion is binding here. Waddington v. Sarausad, 129 S.Ct.823, 832 n.5 (2009).[11]

Because the issue of DNA testing has been removed from consideration by the Pennsylvania Courts, this petition reverts to the issues raised in the petition filed at 2:00-cv-54 and for this reason is a successive petition the consideration of which must be authorized by the Court of Appeals. 28 U.S.C. §2244(a)(2).

Additionally, we note that even if the instant petition was not regarded as a successive petition, it is in all likelihood time barred since the petitioner's last "properly filed" post-conviction petition was finally denied on November 16, 1999[12] and the instant petition was not filed until January 26, 2010. 28 U.S.C. §2244(d)(1) and (d)(2).

Accordingly, because we conclude as a matter of law that absent approval of the Court of Appeals, this Court is without authority to entertain the instant petition it will be transferred to the United States Court of Appeals for the Third Circuit for consideration as a successive petition.

An appropriate Order will be entered.

---

[10]  Id. at pp.189a-197a.

[11]  In addition DNA testing performed in 2009 failed to demonstrate the presence of DNA on the lamp cord the assailant used to shock the victim's vaginal area or on her girdle (See: Petition at p.9). This lack of evidence is not a demonstration of actual innocence.

[12] See: Answer at p.73a.

ORDER


AND NOW, this 6th day of January 2012, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit for consideration as a successive petition.


s/ Robert C. Mitchell
United States Magistrate Judge